## CHESAPEAKE AND OHIO RAILWAY COMPANY OF INDIANA *v.* HULL.

[No. 11,922. Filed April 7, 1925.]

1. MASTER AND SERVANT.—*Under Workmen's Compensation Act, contributory negligence and assumption of the risk not defenses to common-law action by employee for injuries.*—Under the provisions of §10 of the Workmen's Compensation Act (Acts 1915 p. 392, §8020t Burns' Supp. 1921), when an employer has rejected the compensation act, contributory negligence and assumption of the risk are not defenses to an action by an employee for injuries received in the employment. p. 629.

2. MASTER AND SERVANT.—*Evidence held to sustain finding that injury of employee due to negligence of fellow-servant, for which employer was liable.*—Evidence *held* to sustain the jury's finding that injury to workman was due to negligence of his assistant, for which the employer was liable. p. 629.

From Howard Circuit Court; *John Marshall*, Judge.

Action by Milton Hull against the Chesapeake and Ohio Railway Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Wolf & Barnes* and *Albert H. Cole,* for appellant.

*Hurd J. Hurst, Don P. Strode* and *Long & Yarlott,* for appellee.

McMAHAN, J.—Appellee recovered a judgment against appellant for personal injuries.

Appellant contends the court erred in overruling its motion for a new trial. The specifications in the motion are: That the verdict is not sustained by sufficient evidence; that it is contrary to law; that the court erred in refusing to direct a verdict for appellant, and in giving certain instructions.

The complaint is in four paragraphs, it being alleged in each that appellant had rejected the Workmen's Compensation Act. The first paragraph alleged that appellant was negligent in using a defective bending machine. The second paragraph alleged negligence in permitting a pin to be removed from the machine and in directing appellee to repair the machine in other respects when he did not know the pin had been removed but believed it was in place. The third, in addition to the facts alleged in the second, alleged that one of appellant's servants who assisted appellee in doing the work was negligent in admitting a large amount of air in the air machine on which appellee was working. The fourth simply alleged negligence on the part of appellee's assistant, the same as was alleged in the third paragraph.

The evidence is sufficient to establish the following facts: Appellee was informed that a certain machine operated by compressed air, and used for bending iron was leaking air, and he was directed to repair this machine. The main part of this machine consisted of an iron cylinder about sixteen inches in diameter and about five feet long in which there was a piston head with leathers at each end. Compressed air could be admit-

ted at each end of the cylinder so as to move the piston either forward or backward. A piston rod extended through each end of the cylinder and connected with a piston head. At each end of the cylinder and resting on an iron table was an iron crosshead. A piston rod connected each of these crossheads to the piston head. The crossheads were supposed to be fastened to the piston with an iron pin about three-fourths of an inch in diameter and about six inches long. The leather cups were held in place by following plates, and prevented the air from escaping and passing around the piston heads. Appellant was given to understand that these leathers were not properly working but were letting air escape, and he was instructed to remedy this defect. He took a helper with him and, after moving the piston head back and forth a few times with his hands, he removed the head from one end of the cylinder, and was trying to get the piston head out of the cylinder when the leather stuck and held the piston head so tightly that it could not be removed. He then directed the man who was helping him, to let in the compressed air slowly so as to push the piston toward the end of the cylinder from which the head had been removed. Appellee was working near the end of the cylinder, when the piston head was, by reason of the great force of the air admitted, violently forced out in the direction of appellee, and struck and seriously injured him. The iron pin which was supposed to be in place and hold the crosshead in place at the other end of the cylinder was out, and the force of the compressed air was sufficiently powerful to force and disconnect the crosshead from the piston rod and thus allow the piston head to be forced out at the end of the cylinder and to strike and injure appellee. The air cylinder was so constructed that a bending machine could be attached to each end, although but one bending

machine had ever been installed, and that was at the end of the cylinder farthest from where appellee was standing.

There was also sufficient evidence to justify the jury in finding that appellee did not know the iron pin was not in its place or had never been there; that, under the circumstances, appellee was not required to inspect that part of the machine and observe the absence of the pin; that he did not know or have any reason to believe that the pin was out, and that the injury was caused by the negligence of the man turning too much air in the cylinder.

Appellant having rejected the compensation act, contributory negligence and assumption of the ordinary risks of the work was not a defense in this case.

1, 2.  The evidence was, to say the least, sufficient to sustain the verdict under the allegations of the third and fourth paragraphs of the complaint.  The verdict was, therefore, sustained by the evidence, and was not contrary to law.  There was no error in refusing to instruct the jury to return a verdict for appellant.

Instructions Nos. 2, 3 and 6, of which complaint is made, related to contributory negligence and assumption of risk on the part of appellee and were correct in form and properly given.  No. 11 related to knowledge of the danger on the part of appellant, while Nos. 15 and 16 related to the duty of appellant to warn appellee of danger.  We have carefully examined these instructions.  They were applicable to the evidence, and were properly given.

Judgment affirmed.